IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JACQAUS L. MARTIN, | ) | |
| | ) | |
| Petitioner, | ) | 4:05cv3049 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| ROBERT HOUSTON, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on the following pending motions: (1) filing no. 7, the respondent's Motion for Summary Judgment; (2) filing no. 10, the petitioner's Motion Showing Exhaustion of Claims Presented; (3) filing no. 13, the petitioner's Motion to Compel Answer; and (4) filing no. 14, the petitioner's Extraordinary Writ of Mandamus.  In his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("§ 2254 petition"), JacQaus L. Martin alleges violations of his civil rights in connection with his conviction in the District Court of Lancaster County, Nebraska, on or about June 9, 2003, for third degree assault on a corrections officer.

The petitioner alleges the following claims in his § 2254 petition:

§ 2254 Claim 1.    Abuse of judicial discretion, by untenable decision not in conjunction with laws:

    a.    The trial judge refused to dismiss the case after 14 months of pretrial delay, thereby denying the petitioner his right to a speedy trial;

    b.    The trial judge refused to allow the petitioner to present a defense, argue his theory of the defense, call witnesses or question state witnesses;

    c.    The trial judge refused to require or allow disclosure of evidence favorable to the defense, i.e., tapes of the incident and the protocol of the Department of Correctional Services ("DCS") applicable to alleged assaults by inmates; and

    d.    The trial judge refused to dismiss the charge notwithstanding the testimony

1

of state witness, John LeDuc, who testified that the petitioner never assaulted, or attempted to assault, him or anyone else.

§ 2254 Claim 2. Brady violations: Denial of surveillance tapes and DCS protocol; disregard of LeDuc testimony.

§ 2254 Claim 3. Due Process violations:

a. The trial judge denied the petitioner a free transcript, even though the petitioner was proceeding as a pauper, so that the petitioner could adequately appeal.

b. The trial judge denied the petitioner closing arguments or an opportunity to present a defense, question state witnesses, call defense witnesses, or argue his theory of the defense;

c. The trial judge forced the petitioner to wear chains during the trial.

§ 2254 Claim 4. Equal Protection violations: Denial of a speedy trial; warrantless arrest without probable cause; conviction in the absence of any physical evidence of assault; denial of due process because of the petitioner's race.

In his Motion for Summary Judgment, the respondent contends that the § 2254 petition contains both unexhausted and exhausted claims, so that the petition and this action should be dismissed or stayed as a mixed petition. Rhines v. Weber, 544 U.S. 269 (2005). Specifically, the respondent characterizes the following claims as unexhausted:

§ 2254 Claim 1. d.The trial judge refused to dismiss the charge notwithstanding the testimony of state witness, John LeDuc, who testified that the petitioner never assaulted, or attempted to assault, him or anyone else. According to the respondent, although the petitioner argued that point in his brief on direct appeal, he failed to specify that argument as a separate assignment of error. The respondent contends that Nebraska appellate courts refuse to consider errors which are argued but not assigned as error.

§ 2254 Claim 3. The respondent contends that the following arguments are unexhausted: a. Denial of a free transcript (not argued on appeal); b. denial of a closing argument (argued on appeal, but not listed as a separate assignment of error); c. forcing

2

the petitioner to wear chains at trial (argued on appeal, but not listed as a separate assignment of error).

I disagree with the respondent's characterization of the foregoing claims as unexhausted. First, even if the respondent were correct that an appellate court will necessarily refuse to consider errors which are argued but not assigned, such claims would be procedurally defaulted, not unexhausted. "Unexhausted" means both that the claim has not been fairly presented in "one complete round of the State's established appellate review process," O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999), but also that the petitioner "has the right under the law of the State to raise, by any available procedure, the question presented," 28 U.S.C. § 2254(c). If a claim has not been presented to the Nebraska appellate courts but is now barred from presentation, the claim is procedurally defaulted, not unexhausted, and the § 2254 petition is not a mixed petition. Akins v. Kenney, 410 F.3d 451, 456 (8th Cir. 2005). Under Nebraska law, "[a] motion for postconviction relief cannot be used to secure review of issues which were or could have been litigated on direct appeal." State v. Lotter, 664 N.W.2d 892, 922 (Neb. 2003). Accord Hall v. State, 646 N.W.2d 572, 579 (Neb. 2002). In such circumstances, when there exists no currently available state court remedy, the claim is procedurally defaulted, not unexhausted, and the petitioner is entitled to an opportunity to demonstrate cause and prejudice to excuse the default. Akins v. Kenney, 410 F.3d 451, 456 (8th Cir. 2005).

Second, it is not clear that most of the challenged claims are in fact defaulted. On direct appeal, the respondent moved for summary affirmance without alleging any procedural default and without contending that any particular errors had been argued but not assigned (see filing no. 9, document 9-3 at pages 6-23). Generally a procedural default occurs when a state's highest court refuses to consider a federal claim because the petitioner failed to comply with a state procedural rule. In such event, the petitioner's procedural default bars federal habeas review if the state court's procedural ruling is independent of the federal question and adequate to support the judgment. Lee v. Kemna, 534 U.S. 362, 375 (2002). See also Wemark v. Iowa, 322 F.3d 1018, 1022 (8th Cir. 2003)

3

(procedural default occurs when a petitioner fails to follow a state procedural rule for a claim and thereby forfeits the claim). In this case, there is nothing in the record to suggest that the appellate courts of Nebraska summarily affirmed the petitioner's judgment of conviction because he listed certain issues in his appeal brief as arguments rather than as assignments of error.

At any rate, with one exception, the petitioner fairly presented all of his claims to the Nebraska appellate courts on direct appeal. The only matter the petitioner did not address at all on direct appeal is the denial of a free transcript.[1] If the petitioner wishes to pursue that issue, he will be afforded an opportunity to demonstrate cause and prejudice to excuse that procedural default.

In filing no. 15, the petitioner has filed a letter stating that he has once again been placed in segregation. In light of filing no. 15, the complexity of this case, and the petitioner's initial showing regarding the merits of his claims, the court will appoint counsel to represent the petitioner in this habeas corpus case.

THEREFORE, IT IS ORDERED:

1. That filing no. 7, the respondent's Motion for Summary Judgment, is denied, and the respondent shall file an answer to the § 2254 petition by February 10, 2006;

2. That filing no. 10, the petitioner's Motion Showing Exhaustion of Claims Presented, is granted insofar as filing no. 10 is consistent with this Memorandum and Order;

3. That filing no. 13, the petitioner's Motion to Compel Answer, is granted insofar as filing no. 13 is consistent with this Memorandum and Order;

4. That filing no. 14, the petitioner's Extraordinary Writ of Mandamus, is denied;

5. That the Federal Public Defender for the District of Nebraska, or another

---

[1] While not raised as a separate claim, the denial of an opportunity to present a closing argument is but an example of the petitioner's fundamental theme on direct appeal and in this habeas proceeding that he suffered deprivations of due process, equal protection and a fair trial in the course of his criminal prosecution because the trial judge curtailed his every effort to present a defense.

4

attorney on the CJA panel, is appointed to represent the above-named petitioner in this matter, and the petitioner's counsel shall both enter an appearance and confer with the petitioner by no later than February 17, 2006; and

  6. That if the petitioner wishes to fire his appointed attorney, he may do so at any time by filing a motion with the court, in which event the petitioner will return to proceeding pro se, but the petitioner is advised that no substitute counsel will be appointed.

  January 25, 2006.    BY THE COURT:

             /s *Richard G. Kopf*
             United States District Judge