IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JACQAUS L. MARTIN, | ) | |
| | ) | |
| Petitioner, | ) | 4:05cv3049 |
| | ) | |
| vs. | ) | PROGRESSION ORDER |
| | ) | |
| ROBERT HOUSTON, | ) | |
| | ) | |
| Respondent. | ) | |

    This matter is before the court to facilitate progression of this habeas corpus case. On February 15, 2006 (filing no. 20), the respondent filed his Answer to the Petition for Writ of Habeas Corpus. The respondent has previously designated the state court records he considers relevant to the disposition of this case (filing no. 9). The court has appointed counsel for the petitioner, and counsel has entered an appearance (filing no. 17). Counsel has written two letters to the court indicating that he has conferred with the petitioner, and that the petitioner has agreed to counsel's representation in this matter.

    Because of the presence of counsel for the petitioner, the petitioner's two recent pro se motions (filing nos. 18 and 22) are denied. However, the denial is without prejudice to reassertion of those motions in the discretion of the petitioner's attorney. To assist the petitioner, counsel is requested to communicate with the petitioner by telephone, mail or personal visit once per week until the petitioner's initial brief is on file. Thereafter, the petitioner and his attorney should continue to confer as needed to keep the petitioner informed of the status of this case.

    Counsel for the petitioner shall have approximately sixty (60) days from the date of this Order to review the state court record, amend the pleadings in this case if he deems advisable, request any additional state court records which have not been designated by the respondent, and prepare, present to the petitioner for his comments, and file an initial brief on the merits of the petitioner's claims. If the petitioner and his attorney require additional time to perform those duties, a motion for extension of time may be filed. In that

event, the motion must specify whether the petitioner is presently serving his sentence for the conviction which is the subject of this habeas corpus case, and, if not, the approximate date when the petitioner anticipates he will begin serving that sentence. If the petitioner is presently serving the sentence under attack, this court will be reluctant to grant extensions of time to either party.

When considering the merits of a habeas corpus claim, the court must apply the deferential standard required by 28 U.S.C. § 2254(d). See also Williams v. Taylor, 529 U.S. 362 (2000). 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), states:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The Eighth Circuit Court of Appeals has commented that 28 U.S.C. § 2254(d) leaves a federal habeas court only a "very narrow" scope of review of state-court determinations. Blackwell v. Graves, 349 F.3d 529, 532 (8th Cir. 2003).

*28 U.S.C. § 2254(d)(1)*

In Kinder v. Bowersox, 272 F.3d 532, 537-38 (8th Cir. 2001), the Eighth Circuit explained 28 U.S.C. § 2254(d)(1), *citing* Williams v. Taylor, 529 U.S. 362, 405 (2000):

> Our first step, then, in evaluating a challenge to the state court's application of the law is to determine what, if anything, the Supreme Court has said on the subject. From there, we proceed to take a careful look at the decision of the state court. That decision will be viewed under AEDPA as "contrary to" clearly established federal law if the state court has applied a rule that directly contradicts Supreme Court precedent or has reached a result opposite to a result reached by the Supreme Court on "materially indistinguishable" facts .... As for an "unreasonable application" of the law, we must remember that unreasonable is not the same as incorrect .... The state court's application might be erroneous, in our "independent judgment," yet not "unreasonable."

See also Lockyer v. Andrade, 538 U.S. 63 (2003):

> First, a state court decision is "contrary to our clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from our precedent."

Id. at 73 (citations omitted).

> Second, "[u]nder the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."... The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous .... The state court's application of clearly established law must be objectively unreasonable.

Id. at 75 (citations omitted).

*28 U.S.C. § 2254(d)(2)*

28 U.S.C. § 2254(d)(2) must be read together with 28 U.S.C. § 2254(e)(1), which states:

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

As explained by the Supreme Court, "[f]actual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary, § 2254(e)(1), and a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding, § 2254(d)(2)." Miller-El v. Cockrell, 537 U.S. 322, 324 (2003).

Therefore, as to any claim not procedurally defaulted or for which the default is excused, the issue in this court is whether the Nebraska courts, in adjudicating the merits of the claim, (1) produced "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the

United States," or (2) based its decision on an unreasonable factual determination in light of the evidence.

Accordingly, briefs shall be filed as set forth below.

IT IS THEREFORE ORDERED:

1. That counsel for the petitioner shall have until **May 12, 2006** to review the state court record, amend the pleadings in this case if he deems advisable, request any additional state court records which have not been designated by the respondent, and prepare, present to the petitioner for his comments, and file an initial brief on the merits of the petitioner's claims;

2. That by **June 16, 2006**, the respondent shall file a brief in response to the petitioner's claims and in support of the respondent's defenses[1];

3. That by **July 17, 2006**, the petitioner shall file a reply brief; and

4. That filing nos. 18 and 22 are denied, without prejudice to reassertion in the discretion of the petitioner's attorney.

March 9, 2006.  BY THE COURT:

/s *Richard G. Kopf*
United States District Judge

---

[1] If the petitioner files an Amended Petition, the respondent shall also file an Amended Answer.