IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JACQAUS L. MARTIN, | ) | |
| | ) | |
| Petitioner, | ) | 4:05cv3049 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| ROBERT HOUSTON, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on the following pending motions: (1) filing no. 33, the respondent's Motion for a Protective Order; (2) filing no. 44, the petitioner's Motion to Order the Following Pleadings that the Petitioner Has Not Received; (3) filing no. 45, the petitioner's Motion for Answer to Habeas; and (4) filing no. 46, the petitioner's Motion to Compel Answer to Writ of Habeas Corpus. In his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("§ 2254 petition"), the petitioner, JacQaus L. Martin, challenges his conviction in the District Court of Lancaster County, Nebraska, on or about June 9, 2003, for third degree assault on a corrections officer.

The petitioner alleges the following claims in his § 2254 petition:

**§ 2254 Claim 1**. <u>Abuse of judicial discretion</u>: untenable decision(s) not in conjunction with law:

    a. The trial judge refused to dismiss the case after 14 months of pretrial delay, thereby denying the petitioner his right to a speedy trial;

    b. The trial judge refused to allow the petitioner to present a defense, argue his theory of the defense, call witnesses or question state witnesses;

    c. The trial judge refused to require or allow disclosure of evidence favorable to the defense, i.e., tapes of the incident and the protocol of the Department of Correctional Services ("DCS") applicable to alleged assaults by inmates; and

    d. The trial judge refused to dismiss the charge notwithstanding the testimony of state witness, John LeDuc, who testified that the petitioner never

1

assaulted, or attempted to assault, him or anyone else.

**§ 2254 Claim 2**.   Brady violations:   Denial of surveillance tapes and DCS protocol; disregard of LeDuc testimony.

**§ 2254 Claim 3**.   Due Process violations:

a.   The trial judge denied the petitioner a free transcript, even though the petitioner was proceeding as a pauper, so that the petitioner could adequately appeal.

b.   The trial judge denied the petitioner closing arguments or an opportunity to present a defense, question state witnesses, call defense witnesses, or argue his theory of the defense;

c.   The trial judge forced the petitioner to wear chains during the trial.

**§ 2254 Claim 4**.   Equal Protection violations:   Denial of a speedy trial; warrantless arrest without probable cause; conviction in the absence of any physical evidence of assault; denial of due process because of the petitioner's race.

On June 7, 2001, the petitioner was in the prison hospital at the Nebraska State Penitentiary when three corrections officers, Kevin Strasburg, Mark Rumery and John LeDuc, entered the secure room in which the petitioner was housed to serve him a meal. On the basis of Strasburg's charge that the petitioner swung at him and hit Strasburg on the left cheek with a closed fist, the petitioner proceeded to trial and received the conviction at issue in this case. At trial, Strasburg testified to the attack. Rumery testified for the prosecution at trial that he saw the strike. LeDuc testified for the defense that he did not see the petitioner strike anyone.

The petitioner denies that he struck Strasburg and asserts that he was not permitted to present evidence in his defense. The evidence denied to the petitioner included a DCS protocol to be followed by DCS staff if assaulted by a prisoner in DCS custody. The petitioner wished to demonstrate at trial that Strasburg failed to follow the protocol procedures as part of the petitioner's evidence that the assault never occurred.

However, during the petitioner's trial, the prosecution obtained a protective order from the trial judge preventing disclosure to the petitioner of the DCS protocol. In filing no. 33, the respondent moves to require this court to adopt the same or a similar protective

2

order denying the petitioner access to the DCS protocol in this habeas action. I will grant filing no. 33.

I view the DCS protocol as marginal evidence at best. The petitioner complains that he was denied the opportunity to demonstrate that Strasburg followed the procedures set forth in the DCS protocol. It seems to me that the obvious procedures to be followed by an assaulted corrections officer would include (a) reporting the incident, (b) seeking medical treatment, and (c) (perhaps) prosecuting the inmate. In this case, a report and a prosecution certainly occurred. In addition, there is already some evidence in the record that Strasburg did not seek medical care (see filing no. 9-3, State's Memorandum Brief in Support of Summary Affirmance, Case No. A-04-050, at 17). Therefore, the petitioner has not established to my satisfaction the necessity of furnishing him with the actual document, at least for purposes of my review of the fairness of his trial in this habeas case.

I will make an independent determination concerning the petitioner's allegation that he was denied the opportunity to defend himself. Nevertheless, the respondent shall file the DCS protocol under seal, subject to the requested Protective Order. The DCS protocol will not be disclosed to the petitioner.

As for filing no. 44, the petitioner's Motion to Order the Following Pleadings that the Petitioner Has Not Received, the motion is granted. The petitioner requests a copy of filing nos. 34, 37, 38 and 40. The Clerk of Court shall send the plaintiff a copy of filing nos. 34 and 40, without charge, as well as a copy of the docket sheet. Because the contents of filing nos. 37 and 38 (designated state court records) are voluminous, and because the respondent has apparently removed them from the petitioner's cell, the respondent shall provide the petitioner with filing nos. 37 and 38, either the removed version or a new version. The petitioner requires the state court records while this habeas corpus case is pending.

In filing no. 45, the petitioner refers the court to the U.S. Supreme Court's decision in Victor v. Nebraska, 511 U.S. 1, 114 S.Ct. 1239, 127 L.Ed.2d 583 (1994) as it applies to his due process arguments. I will study the decision. In filing no. 46, the petitioner requests an expedited decision in his case. Although there are pro se cases on my docket which were filed by prisoners before the above-entitled case, I will make every effort to

expedite this matter. However, I have previously requested information, which I have not received, regarding whether the petitioner is presently serving the sentence for his conviction in this matter, which was to be consecutive to his other sentences, or whether he is still serving his prior sentences. I would still like an answer to that question.

THEREFORE, IT IS ORDERED:

1. That filing no. 33, the respondent's Motion for a Protective Order, is granted; the respondent shall file the DCS protocol under seal, subject to the requested Protective Order; the DCS protocol will not be disclosed to the petitioner;

2. That filing no. 44, the petitioner's Motion to Order the Following Pleadings that the Petitioner Has Not Received, is granted, as follows:

    a. The Clerk of Court shall send the plaintiff a copy of filing nos. 34 and 40, without charge, as well as a copy of the docket sheet;

    b. The respondent shall provide a copy of filing nos. 37 and 38 (designated state court records) to the petitioner within twenty (20) days of the date of the Order;

3. That filing no. filing no. 45, the petitioner's Motion for Answer to Habeas, is granted; and

4. That filing no. 46, the petitioner's Motion to Compel Answer to Writ of Habeas Corpus, is granted in part; the court will expedite the decision in this matter to the extent possible; however, the petitioner and the respondent are each requested to inform the court whether the petitioner is presently serving the sentence imposed for the conviction at issue in this matter, and, if not, when that prison sentence is expected to begin.

January 4, 2007.          BY THE COURT:

                                       s/ *Richard G. Kopf*
                                       United States District Judge