IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JACQAUS L. MARTIN, ) | |
| ) | |
| Petitioner, ) | 4:05cv3049 |
| ) | |
| vs. ) | MEMORANDUM AND ORDER |
| ) | (appeal) |
| ROBERT HOUSTON, ) | |
| ) | |
| Respondent. ) | |

This matter is before the court on filing no. 60, the Notice of Appeal filed by the petitioner, JacQaus L. Martin. The petitioner appeals the judgment (filing nos. 57 and 58) dismissing his Petition for Writ of Habeas Corpus ("§ 2254 petition"). Also before the court is filing no. 61, the petitioner's Application for Leave to Proceed in Forma Pauperis ("IFP") on appeal. Although the petitioner filed this action while incarcerated, he has since been released from custody.

**IFP**

Because the petitioner has previously been granted leave to proceed IFP in the district court, and because this appeal is taken in good faith, the petitioner may continue to proceed IFP on appeal pursuant to Fed. R. App. P. 24(a)(3). Fed. R. App. P. 24(a)(3) states:

> (a) Leave to Proceed in Forma Pauperis....(3) Prior Approval. A party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless the district court-- before or after the notice of appeal is filed--certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis. In that event, the district court must state in writing its reasons for the certification or finding.

1

## COA

However, before the petitioner may appeal the denial of his § 2254 petition, a "Certificate of Appealability" must issue. Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the right to appeal the denial of a § 2254 petition is governed by 28 U.S.C. § 2253(c), which states:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
> > (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;
> > ....
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

Similarly, Fed. R. App. P. 22(b), as amended by the AEDPA, indicates that in an action pursuant to 28 U.S.C. § 2254, a notice of appeal triggers the requirement that the district judge who rendered the judgment either issue a certificate of appealability or state the reasons why such a certificate should not issue. See generally Tiedeman v. Benson, 122 F.3d 518 (8th Cir. 1997).

28 U.S.C. § 2253(c)(2) provides that a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. A substantial showing of the denial of a constitutional right requires a demonstration "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to

deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotation marks omitted), *citing* Barefoot v. Estelle, 463 U.S. 894 (1983) (which defined the pre-AEDPA standard for a certificate of probable cause to appeal).

"Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack, 529 U.S. at 484. Similarly, if the district court denies a § 2254 motion on procedural grounds without reaching the underlying constitutional claims on the merits, "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and ... would find it debatable whether the district court was correct in its procedural ruling .... Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted." Id.

Upon review and consideration of the record and the applicable law, I conclude that the petitioner has failed to demonstrate that reasonable jurists would find this court's ruling debatable or wrong. For the reasons stated in filing no. 57, dismissing the § 2254 petition, a Certificate of Appealability is denied.

THEREFORE, IT IS ORDERED:

1. That filing no. 61, the petitioner's Application for Leave to Proceed IFP on appeal, is granted;

2. That a Certificate of Appealability is denied; but the petitioner may still seek

a Certificate of Appealability from the Eighth Circuit Court of Appeals; and

      3.    That the Clerk of Court shall provide a copy of this Memorandum and Order to the parties and the Eighth Circuit Court of Appeals, and the Clerk shall process this appeal to the Eighth Circuit.

      April 17, 2007.              BY THE COURT:

                                        s/ *Richard G. Kopf*
                                        United States District Judge